846 P.2d 928

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald L. CRISMAN, Defendant– Appellant.**

No. 19829.

Court of Appeals of Idaho.

Dec. 28, 1992.

Rehearing Denied Feb. 9, 1993.

Petition for Review Denied March 11, 1993.

Donald Crisman, pro se.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

After a trial before the magistrate, Donald Crisman was convicted of driving without a license, I.C. § 49–301, and of operating an unregistered vehicle, I.C. § 49–456(1). Crisman appeals from the judgments of conviction contending that the trial court lacked jurisdiction, that he was denied due process and that his rights to

freely exercise his religion were infringed. We affirm.

Prior to the events giving rise to this case, Crisman held a valid Alaska driver's license. Crisman returned his Alaska driver's license and did not obtain a new license from Idaho or any other state. Crisman sent notices to the Idaho Department of Transportation, the Idaho State Police, the Bonner County Sheriff's Office and other governmental entities informing them of his refusal to obtain a driver's license and to register his vehicle for the express reason that he did not think he was bound to do so because he intended to conduct only personal, and not business, activity on the public highways. In his notices, Crisman requested the various agencies to supply him with the legal authorities, if any, that mandated his compliance with the licensing and registration laws. After not receiving any response, Crisman apparently believed that he need not comply with the licensing and registration laws of Idaho.

On February 4, 1991, a Bonner County Deputy Sheriff stopped the vehicle Crisman was driving because he had noticed that it did not have proper license plates. Crisman's vehicle had blue plates with large gold lettering which read "YHWH" and underneath, in smaller silver lettering, "AMBASSADOR." When asked for his driver's license, registration and proof of insurance, Crisman told the deputy that he did not have them. The deputy arrested Crisman for operating a vehicle without a driver's license and without proper registration and for failure to carry proof of insurance.

On February 20, Crisman filed a "notice of special appearance" for the purpose of challenging the court's subject-matter jurisdiction. Apparently he supported his challenge with a "verified statement and memorandum" which is not contained in our record.

On February 24, in his first appearance in court, Crisman was informed of his rights via a video presentation. After the magistrate had inquired as to his understanding of the presentation, Crisman responded that he did not understand how

the presentation applied to him. The magistrate told Crisman that the purposes of this appearance were to advise him of his rights and for Crisman to enter a plea. Undoubtedly, the magistrate was frustrated with Crisman's interruptions and unwillingness to cooperate; he attempted to appoint counsel for Crisman, but Crisman indicated that he did not want representation. He insisted that his appearance should be designated as *"in propria persona."* [1] Despite his statements of record to the effect that he did not refuse to enter pleas, Crisman did not enter any, although he was given the opportunity to do so. However, the magistrate entered pleas of not guilty for Crisman and informed him that any other issues he wished to address must be presented either at trial or through a motion.

Crisman next filed a motion to dismiss as provided for in I.C.R. 12(a) and noticed it up for hearing. In the motion Crisman renewed his challenge to the court's jurisdiction. Although Crisman complains he was denied due process in part because the magistrate did not address his challenge to subject-matter jurisdiction at the first appearance, Crisman was not harmed by the delay in addressing the issue of jurisdiction until he presented it in his motion to dismiss. No waiver of his challenge to jurisdiction resulted from either I.C. § 1–2214 or I.C.R. 2.2(d). After a hearing on the merits, the magistrate issued a written order denying Crisman's motion to dismiss. The case proceeded to trial before another magistrate. Judgments of conviction were entered July 9, 1991, on both counts and they provided that Crisman was to serve five days in jail on each count with the sentences running concurrently.

The issues Crisman raises on appeal are: whether the magistrate erred in ruling that the court had subject-matter jurisdiction; whether the written order denied Crisman due process as a result of being filed and served one day before the trial; whether

Crisman was denied due process by not being provided with any administrative procedures by the Idaho Department of Transportation prior to the commencement of criminal charges; and whether the forms and procedures used by the court denied Crisman meaningful access to the court and infringed upon his right to freely exercise his religion.

■ Crisman challenges the court's ruling that subject-matter jurisdiction existed. Crisman bases his right of non-compliance with the applicable statutes upon his status as an "ambassador" from the "Kingdom of YHWH (Yahweh)." Crisman further contends that his status as an "ambassador" of "Yahweh" entitles him to immunity. He also contends because of his ambassador status, the United States Supreme Court has original jurisdiction pursuant to U.S. Const. art. III, § 2, which provides in part: "In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction."

■ We exercise independent review over the issue of a magistrate's jurisdiction. *In re Hanson*, 121 Idaho 507, 826 P.2d 468 (1992). The record reflects that, at the hearing on Crisman's motion to dismiss, the magistrate relied upon "State v. Blume" in ruling that Crisman's claimed ambassadorial status was not recognized and therefore it created no bar to the court's exercise of its personal or subject-matter jurisdiction. The written opinion issued by the magistrate at a later date cited no case authority.

Apparently, the case the magistrate relied upon was *Gregersen v. Blume*, 113 Idaho 220, 743 P.2d 88 (Ct.App.1987), which was a companion case to *State v. Blume*, 113 Idaho 224, 743 P.2d 92 (Ct.App.1987). In *Gregersen v. Blume*, we upheld the authority of a state licensing agency to license and regulate the commercial prac-

---

1. *In propria persona,* meaning:
   [i]n one's own proper person. It was formerly a rule in pleading that pleas to the jurisdiction of the court must be plead *in propria persona,* because if pleaded by attorney they admit the jurisdiction, as an attorney is an officer of the court, and he is presumed to plead after having obtained leave, which admits the jurisdiction.
   Black's Law Dictionary 792 (6th ed. 1990).

tice of barbering by persons who profess religious beliefs that do not recognize secular authority being imposed upon them. *State v. Blume*, on the other hand, involved an appeal from a magistrate's order finding Blume in contempt for refusal to pay a fine in a criminal case in which Blume was convicted for operating a barbershop without a license. We find support in the *Blume* cases for the state's position here, although these cases do not control this appeal.

■ Crisman further asserts that he did not receive a copy of the *Blume* opinion upon which the magistrate relied, that the magistrate had promised to send a copy of the opinion, and therefore, jurisdiction was improperly exercised. We accept the factual basis for Crisman's argument, that he did not receive a statement of authority for the court's exercise of jurisdiction, but we are not persuaded that this failure in any way affected the court's right to exercise the jurisdiction it had.

■ If jurisdiction was properly exercised below, even if the magistrate relied upon improper authority, the decision to exercise jurisdiction will be affirmed. *See State Dept. of Health & Welfare v. Engelbert*, 114 Idaho 89, 753 P.2d 825 (1988) (where order of lower court is correct, but based upon erroneous theory, order will be affirmed upon correct theory). Ambassadorial status cannot be obtained through unilateral proclamation as Crisman has attempted. The receiving state's executive branch must recognize the sovereignty of the other state before diplomatic immunity exists. *United States v. Lumumba*, 741 F.2d 12 (2d Cir.1984). The record does not reflect that either the United States Department of State or the Idaho Secretary of State has recognized the "Kingdom of YHWH (Yahweh)" as a sovereign. Furthermore, the record fails to show that either of these departments has granted Crisman immunity. Therefore, Crisman cannot claim diplomatic immunity and the

magistrate properly exercised jurisdiction. *See id.; State v. Davis*, 745 S.W.2d 249 (Mo.App.1988).[2]

■ The second issue Crisman raises is that he was denied timely notice of the magistrate's order denying his motion to dismiss, which was heard on May 14, 1991. The magistrate orally denied the motion at the close of the hearing but the "Order and Findings of Facts" was not filed until July 8, a day before the trial. Crisman contends that this late notice of the entry of the written order denying the motion and expressing the magistrate's decision to exercise jurisdiction constituted procedural error which deprived him of due process. Crisman states this procedure prevented him from immediately appealing the magistrate's decision before trial.

The state contends that the denial of the motion to dismiss was not an order which could be appealed as a matter of right because it was not a final order. The state correctly points out that Crisman could have appealed this *denial* of his motion to dismiss with permission from the district court in accordance with the procedures provided in I.A.R. 12. I.C.R. 54.1(i). Otherwise, I.C.R. 54.1(c) provides that only an order *granting* a motion to dismiss a complaint is appealable. Crisman acknowledges that under the provisions of I.C.R. 54.1 he is afforded only a limited right to ask the district court, in its discretion, to allow the interlocutory appeal.

Although Crisman may be correct in arguing that he did not have sufficient time before trial in which to seek an interlocutory appeal, he has failed to show how his rights have been prejudiced. In this appeal he has raised the issue of the propriety of the magistrate's rulings on his motion to dismiss. The late filing of the magistrate's written order has not affected Crisman's substantial rights and is harmless. *See* I.C.R. 52.

■ Next, Crisman contends that he was wrongfully denied an administrative hear-

---

**2.** With some empathy, we note that in *Davis*, Holstein, J., wrote in a concurring opinion that the argument that one is entitled to diplomatic immunity as an ambassador of God "border[s] on the absurd." Such arguments also divert judicial energies. *Davis*, 745 S.W.2d at 253 (Holstein, J., concurring).

ing before the Idaho Department of Transportation which he had requested in his letter to the department dated August 13, 1990. Crisman asserts that because he notified the department that he would not register his car, had rescinded his license, requested that the department notify him if his intentions were not approved, and requested a hearing, he should have been afforded some process by the department prior to being charged criminally. Crisman contends that criminal prosecution of the instant offenses is premature until further administrative proceedings take place before the department.

In his brief, Crisman cites *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), in support of his contention that he was wrongfully denied an administrative hearing. The facts of *Bell* are distinguishable from those before us. In *Bell,* the petitioner was entitled to an administrative hearing where he was liable, in a *civil* proceeding, to have his license suspended by the Georgia Department of Public Safety following an accident. The Supreme Court stated, however, that the inquiry into the fault attributable to the licensee need not consist of a full adjudication on the issue of liability. *Bell,* 402 U.S. at 540, 91 S.Ct. at 1589. In the criminal case before us, Crisman was afforded more process than that available at many administrative procedures, including a hearing on his motion to dismiss, and a trial. Crisman was not wrongfully denied due process.

Crisman finally argues that the proceedings before the magistrate have been a sham because a trial was held thus creating a question of fact where none existed. Crisman contends that the only issues in the case were those of law dealing with jurisdiction and his right to freely exercise his religion.

█ Because Crisman did not enter a plea at his arraignment, the magistrate protected his rights by entering a not guilty plea for him. Crisman, however, states that he has never denied that he did not have a state motor vehicle operator's license, liability insurance or proof thereof, or state registration or license plates. Crisman asserts that therefore there was no genuine factual issue and that a trial should not have been held. Perhaps Crisman was not aware of the I.C.R. 11(a)(2) conditional guilty plea which could have been entered with the court's and prosecutor's agreement, thus avoiding a trial, but still preserving his right to appeal adverse rulings, such as the jurisdictional issue. We hold that Crisman is not entitled to a reversal of his convictions where a trial was held in a case that apparently contained only legal questions. Moreover, the motor vehicle laws under which Crisman was prosecuted do not unconstitutionally impair his rights to religious freedom. *Bissett v. State,* 111 Idaho 865, 727 P.2d 1293 (Ct.App.1986). *See also Gregerson v. Blume,* 113 Idaho 220, 743 P.2d 88 (Ct.App. 1987). Crisman has been afforded due process below and upon appeal in having his issues and arguments addressed and considered.

In the "statement of facts" contained in Crisman's brief, he complains of other events which occurred below. Although Crisman did not specifically include these in his statement of the issues or present argument on these other "issues," we have considered them and determine that they too are without merit. *See Sun Valley Shopping Ctr. v. Idaho Power,* 119 Idaho 87, 93, 803 P.2d 993, 999 (1991) (court will not review actions below not listed as issues on appeal, especially where no authority is presented and briefs do not cover the issue); *State v. Prestwich,* 116 Idaho 959, 961, 783 P.2d 298, 300 (1989) (court considered issue even though it was not presented in "issues on appeal" section of brief), *overruled on other grounds by State v. Guzman,* 122 Idaho 981, 842 P.2d 660 (1992).

We conclude that the magistrate lawfully exercised jurisdiction and did not err in denying Crisman's motion to dismiss. Accordingly, we affirm the judgments of conviction for driving without a license and for operating an unregistered vehicle.

WALTERS, C.J., and SILAK, J., concur.