846 P.2d 933

STATE of Idaho, ex rel. Ann
M. JOHNSON, Plaintiff–
Respondent,

v.

Richard B. NIEDERER, Defendant–
Appellant.

No. 19293.

Court of Appeals of Idaho.

Dec. 30, 1992.

Petition for Review Denied
March 11, 1993.

Reginald R. Reeves of Denman & Reeves, Idaho Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., John X. Combo, Sp. Deputy Atty. Gen., Idaho Falls, for plaintiff-respondent.

SWANSTROM, Judge.

This is a paternity action filed by the State of Idaho on behalf of the relator and mother, Ann Johnson, against Richard Niederer, the putative father. Niederer appeals the order of filiation and judgment entered by the magistrate and affirmed by the district court. We also affirm.

The state filed a complaint in February, 1989, seeking an order that Richard Niederer was the biological father of a minor child born in 1979. In addition, the state sought reimbursement of public assistance payments paid by the state to the mother since October, 1986, for the benefit of the child. Niederer moved to dismiss the complaint. The magistrate denied the motion. Thereafter the parties stipulated to the entry of judgment.

The stipulation for judgment established that Niederer is the natural father of Johnson's child, born on February 11, 1979. It also provided that judgment be entered against Niederer in the compromised amount of $5,000 for payments made by the state to Johnson for the child in the previous three years. The stipulation for judgment was made subject to Niederer's right to appeal. Thereafter, the magistrate entered an order of filiation and judgment. Niederer first appealed to the district court, which affirmed the magistrate's decision denying the motion to dismiss.

In his appeal before this Court, Niederer contends: that the complaint filed by the state, containing the paternity claim and claim for reimbursement, was filed after the statutes of limitation had run; that the state should be barred from filing this action by the equitable doctrine of laches; that he was denied due process; and that the state cannot bring this action on behalf of the mother. Each party seeks attorney fees on appeal.

The issues before us are the same as those presented to the district court on appeal. Therefore, we will review the trial court's record with due regard for, but independently from the district court's appellate decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983).

Niederer first asserts that the magistrate erred in denying his motion to dismiss because the state did not file its complaint within the applicable statutes of limitation. The defendant bears the burden of demonstrating the applicability of a particular statute of limitation. *Modern Mills, Inc. v. Havens*, 112 Idaho 1101, 739 P.2d 400 (Ct.App.1987). Niederer relies upon *Dept. of Health & Welfare ex rel. Gage v. Engelbert*, 114 Idaho 89, 753 P.2d 825 (1988). There, as in this case, the department had furnished assistance to a child born in 1979. Niederer contends that, because the child was born February 11, 1979, and the instant complaint was filed on February 2, 1989, the paternity claim is time barred. In *Engelbert*, the Supreme Court applied the version of I.C. § 7-1107 in effect in 1979 which allowed a paternity action to be brought within three years. The Court also applied I.C. § 5-230, which allowed the statute of limitation to be tolled up to six years based upon the minority of the child for whose rights the department was subrogated. Because the department brought its action in 1985, within nine years of the child's birth, the Supreme Court held that the department had timely filed its complaint. Niederer urges this Court to apply the three-year statute of limitation in effect in 1979 as the Supreme Court did in *Engelbert* with regard to the issue of paternity.

When a statute or constitutional provision is "plain, clear, and unambiguous, it 'speaks for itself and must be given the interpretation the language clearly implies.'" *Moon v. Investment Board*, 97 Idaho 595, 596, 548 P.2d 861, 862 (1976) (quoting *State v. Jonasson*, 78 Idaho 205, 210, 299 P.2d 755, 757 (1956)). In *Engelbert*, the Court stated, "[t]he statute of

limitation in effect when the right of action is deemed to accrue defines the statutory period *unless the legislature provides otherwise."* 114 Idaho at 90, 753 P.2d at 826 (citation omitted; emphasis added).

Although the version of I.C. § 7–1107 in effect in 1979 provided that paternity actions must be brought within three years, the statute has been amended. In 1985, the Idaho Legislature amended I.C. § 7–1107 to provide that actions for paternity must be brought after the birth of the child and before the child reaches the age of majority. 1985 Idaho Sess.Laws ch. 159 § 4, p. 422. In effect, the statute created an eighteen-year statute of limitation. In 1986, the legislature expressly made I.C. § 7–1107 retroactive. 1986 Idaho Sess. Laws ch. 221 § 1, p. 584. Although *Engelbert* was issued on April 25, 1988, the complaint in that case was filed in 1985; therefore, the Supreme Court did not apply the eighteen-year statute of limitation. Because the state's complaint in the instant case was filed on February 2, 1989, we hold that the 1986 amended version of I.C. § 7–1107 applies, and the claim is not barred.

■ With regard to the state's claim for past debt, Niederer contends that the state had even fewer than nine years within which to file a claim. Niederer asserts that the applicable statute of limitation to collect upon the liability created by statute, I.C. § 56–203B, is three years pursuant to I.C. § 5–218. Niederer implicitly argues that the time from which to measure this three years is identical to that in a proceeding to determine paternity, namely, the birth of the child.

The state asserts, however, that the time from which to start the limitation period is when the claim accrued, which it asserts is October, 1986. *See* I.C. § 5–201. This is because the payments the state seeks to recover commenced in October, 1986, and continued through May, 1990, as set forth in the stipulation for judgment. We agree with the state and conclude that, although Niederer correctly identifies I.C. § 5–218 as the applicable statute of limitation, the state did not exceed the three-year period when it filed its claim on February 2, 1989.

■ Next, Niederer contends that the state is barred from maintaining this action based on the equitable doctrine of laches. Niederer correctly sets forth the elements he must show in order to prevail on this defense. They are stated in *Landis v. Hodgson,* 109 Idaho 252, 259, 706 P.2d 1363, 1370 (Ct.App.1985) (quoting *Huppert v. Wolford,* 91 Idaho 249, 257, 420 P.2d 11, 19 (1966)):

(1) defendant's invasion of plaintiff's rights, (2) delay in asserting plaintiff's rights, the plaintiff having had notice and an opportunity to institute a suit, (3) lack of knowledge by defendant that plaintiff would assert his rights, and (4) injury or prejudice to defendant in event relief is accorded to plaintiff or the suit is not held to be barred. Lapse of time, although an important element, is not alone controlling in determining the applicability of the defense of laches, unless the party claiming laches was injured or placed at a disadvantage by such delay.

Niederer asserts many facts in his brief which he contends supports the application of laches. However, most of these facts are not part of our record. We are constrained to review this case only upon the facts in the record. *Neer v. Safeway Stores, Inc.,* 92 Idaho 361, 442 P.2d 771 (1968). Thus, we may look only to the facts, if any, established by the pleadings, and those contained in the stipulation for judgment.

Niederer cites *Moore v. Hafeeza,* 212 N.J.Super. 399, 515 A.2d 271 (Ch.Div.1986), for the principle that a party may be barred by the doctrine of laches from bringing a paternity action. *Moore,* however, is distinguishable from this case. In *Moore,* a county board of social services brought a paternity action against the putative father. In 1971, approximately two years after the child's birth, the court had issued an order finding "no filiation" and entered a judgment to that effect. Approximately fifteen years after the entry of judgment, the mother, who was a witness in the prior case, but not a party, filed another paternity action against the putative father. The

court concluded that the mother was barred by laches, among other reasons, because of the time that had passed, stating that the unfairness to the defendant was clear.

Here, the magistrate concluded that Niederer had failed to present sufficient facts in the record to demonstrate any other element of laches except a delay in bringing the action. The district court affirmed the magistrate's finding. We agree with the lower courts.

Rather than address each prong and the lack of supporting evidence in the record, we merely note that Niederer cannot prove the fourth prong, prejudice or injury, as a result of the delay in bringing an action. Therefore he cannot rely solely upon the lapse of time because he suffered no injury or disadvantage. *Huppert v. Wolford, supra.* The only facts of record relevant to the application of the doctrine of laches are that the child was born February 11, 1979, and the state filed its complaint on February 2, 1989. Although almost ten years passed between the birth and start of this action, the filing was well within the statute of limitation. All of the other factors Niederer relies upon to demonstrate prejudice are not part of our record. The magistrate's ruling that Niederer failed to show the elements necessary to support the doctrine of laches is affirmed.

■ Niederer also contends that the statute authorizing the state to pursue its claim, I.C. § 56–203B, is unconstitutional. He asserts that his due process rights were violated because the statute allows the state to pay funds to the mother without first giving the putative father an opportunity to address the right of her entitlement to such payments or amounts to be paid. Niederer asserts that he was not given notice of the possibility that the state would give financial assistance to Johnson for the benefit of the child. However, the record contains no evidence supporting this assertion. Nor does the record contain evidence regarding his assertion that the state had earlier notified Niederer that he had been designated by Johnson as the putative father in an application for benefits, but that the state was closing its file.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

> When conducting a procedural due process analysis, three factors must be considered: first, the private interest affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional safeguards; and third, the government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail.

*Matter of McNeely,* 119 Idaho 182, 190, 804 P.2d 911, 919 (Ct.App.1990) (citations omitted). Niederer does not present any argument or authority supporting his proposition that the state's decision to make assistance payments to Johnson deprives him of a protected interest. We hold that Niederer has not shown that he was deprived of a protected interest and thus even entitled to due process. Niederer makes no argument that he was denied due process after the state filed an action attempting to collect money from Niederer.

The state contends that the statute is presumptively constitutional and that the record does not contain any facts supporting Niederer's claim that he was denied due process. "The party asserting the unconstitutionality of a statute bears the burden of showing its invalidity and must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990) (citations omitted). Niederer merely contends that the statute is unconstitutional because he was denied due process in the instant case. Because we hold that Niederer was not entitled to due process at the time the state decided to make assistance payments to Johnson, this argument fails. Niederer presents no sound argument or authority rising to the necessary level to demonstrate that the statute is unconstitutional.

■ Finally, Niederer asserts that the state failed to bring this action on behalf of the real party in interest and thus has no standing. Niederer cites I.C. § 7–1110 as support for his claim that the state incorrectly brought this action on the behalf of or for the benefit of the mother rather than the child. The statute provides:

> Proceedings to establish the paternity of the child and to compel support under this act may be commenced by the mother ... *or by the State of Idaho on behalf of a child for whom aid has been given.*

I.C. § 7–1110 (emphasis added). Niederer also relies upon the manner in which *Engelbert* was captioned wherein the state filed an action *ex rel.* (*ex relatione*) the child rather than the mother.

The state asserts that, when read together, I.C. § 56–203B and I.C. § 7–1110 preclude the interpretation Niederer urges us to adopt. Idaho Code § 56–203B provides in part:

> Any payment of public assistance money made to or for the benefit of any dependent child or children creates a debt due or owing to the department by the natural or adoptive parent or parents who are responsible for support of such children in an amount equal to the amount of public assistance money so paid....
>
> The department shall be subrogated to the right of said child or children *or person having the care, custody and control of said child* or children to prosecute or maintain any support action existing under the laws of the state of Idaho to obtain reimbursement of moneys thus expended. [Emphasis added.]

The state contends that I.C. § 56–203B and I.C. § 7–1107 do not require the state to actually place the child's name in the caption. We agree.

Entitling the action *ex rel.*[1] the mother does not preclude the litigation from being for the benefit of the child as Niederer implies. The caption merely indicates that the action is brought upon the information of the mother. Niederer's argument that the state cannot properly bring an action for reimbursement *ex rel.* the mother is misguided. Moreover, the stipulation for judgment indicates that the action is for the benefit of the child, as Niederer will be required to pay support for the child in the future, which is necessarily based upon the determination of paternity. Further allowance of this action is consistent with public policy because:

> the policy considerations are particularly commanding, as Idaho has a compelling interest in assuring that the primary obligation for the support of illegitimate children falls upon the natural parents rather than upon the taxpayers of this state.

*Engelbert,* 114 Idaho at 92, 753 P.2d at 828. The state's complaint *ex rel.* the mother, rather than the child, is not barred.

Finally, the state contends that under I.C. § 12–121 and I.A.R. 41 it is entitled to attorney fees incurred in this appeal because the appeal was pursued frivolously, unreasonably and without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). However, we are not persuaded that this appeal falls within the *Minich* category so as to justify an award of fees under I.C. § 12–121. Accordingly, no fees are awarded.

The order of filiation and judgment for support payments are affirmed. Costs are awarded to the state.

WALTERS, C.J., and SILAK, J., concur.

---

1. *Ex relatione* is defined as follows:
   Legal proceedings which are instituted by the attorney general (or other proper person) in the name and behalf of the state, but on the information and at the instigation of an individual who has a private interest in the matter, are said to be taken "on the relation" (ex relatione) of such person, who is called the "relator."
   Black's Law Dictionary (6th ed. 1990).