594 P.2d 145

Catharine R. BLAKELY,
Plaintiff-Appellant,

v.

Byron L. BLAKELY,
Defendant-Respondent.

No. 12608.

Supreme Court of Idaho.

May 2, 1979.

Reginald R. Reeves of Denman, Reeves & Ohman, Idaho Falls, for plaintiff-appellant.

Roger B. Wright, of Voshell & Wright, Idaho Falls, for defendant-respondent.

PER CURIAM.

This is an appeal from an award of child custody. Plaintiff-appellant Catharine Blakely instituted this action on May 5, 1976, seeking a divorce from the defendant-respondent Byron L. Blakely and, *inter alia*, seeking custody of the two children born of the marriage in 1972 and 1974, respectively.

Following a three day trial, a memorandum decision was rendered by the district court on September 7, 1976. The older child's custody was awarded to the father-defendant and the younger child to the mother-plaintiff, each for a temporary period of six months, during which the district court would "overview" the home situations of each party. The court advised that it would review the matter at the end of the six months period of time and then determine whether such divided custody should continue.

The record indicates that from that time forward plaintiff-appellant has refused to comply with the orders of the court relating to child custody, child visitation and personal appearances before the court. Plaintiff-appellant was found in contempt of court for her said refusals and has not purged herself of that contempt. Plaintiff-appellant removed both children to the State of Utah and at times to Canada. Although ordered by the court to present herself and the children before the court, she has failed to do so.

On October 15, 1976, the court ordered that the temporary care, custody and control of both of the said minor children be awarded to the defendant-respondent for a period of six months. On March 10, 1977, the court entered a decree of divorce, however reserving therein the continuing matter of the child custody.

The court found, and the record sustains the finding, that the best interests of the children would be served by the split custody arrangement and at a later time that the best interests of the children would be served by placing the custody of both children in the father defendant-respondent.

The court found, and the record sustains the findings, that plaintiff-appellant herein has thwarted the actions and orders of the district court and that plaintiff-appellant has been correctly found in contempt of court for failure to comply with the orders of the court. After invoking the jurisdiction of the Idaho courts and seeking relief therein and not finding that court's disposition in accord with her desires, she now has filed an action for divorce in the courts of Utah.

We find *no* abuse of discretion by the district court in the issuance of its orders relating to child custody. The awarding of custody of minor children rests within the sound discretion of the trial court and will not be upset upon appeal absent an abuse of that discretion. *Koester v. Koester*, 99 Idaho 654, 586 P.2d 1370 (1978); *McNett v. McNett*, 95 Idaho 59, 501 P.2d 1059 (1972); *Saviers v. Saviers*, 92 Idaho 117, 438 P.2d 268 (1968); *Bryant v. Bryant*, 92 Idaho 76, 437 P.2d 29 (1968).

The orders of the district court are affirmed. The matter is remanded for further proceedings to effectuate the orders of the district court. No attorney fees allowed. Costs to respondent.