679 P.2d 1133

**Linda SHUMWAY, Plaintiff-Appellant, Cross-Respondent,**

v.

**Brad SHUMWAY, Defendant-Respondent, Cross-Appellant.**

**No. 14600.**

Supreme Court of Idaho.

March 29, 1984.

R.M. Whittier, and John Souza, of Whittier & Souza, P.A., Pocatello, for plaintiff-appellant, cross-respondent.

Wm. Breck Seiniger, Jr., Boise, for defendant-respondent, cross-appellant.

DONALDSON, Chief Justice.

Brad and Linda Shumway were married on September 6, 1969. In April, 1972, the Shumway family moved to Treasureton, Idaho, to help Brad's father operate his farming business. The Shumway family has continued to live on the farm in Treasureton since that time.

On November 16, 1979, Linda Shumway filed an action for divorce against Brad Shumway alleging extreme cruelty. In addition, Mrs. Shumway sought custody of the Shumway's two sons who were five and eight years of age, and an equal division of the community property.

After a contested trial in the magistrate court, the magistrate concluded that neither spouse had engaged in conduct amounting to extreme cruelty. However, the court granted the divorce upon the grounds of irreconcilable differences. The magistrate determined that it was in the best interests of the children to grant custody of the two sons to the father, Brad Shumway. The court further ordered Linda Shumway to pay $50.00 per month per child for child support to begin thirty days after she obtained employment.

In dividing the marital property, the court found that Brad Shumway owned an undivided one-half interest in the farm property which he received as a gift from his parents. As such, this was his separate property and not subject to division.

The magistrate found that an oral partnership agreement pertaining to the operation of the farm had been entered into between Brad Shumway and Brad's father on January 1, 1972. Subsequently, the partnership made improvements to the farm property. The court held that the increase in the value of the real property constituted partnership property. Furthermore, the court found that Brad owned a one-half interest in the farm partnership, and that the interest was community property. The court determined the net worth of the partnership to be $253,396.00. The court then found that Linda Shumway was, therefore, entitled to receive $63,349.00 in cash for her "interest in the partnership." The court went on to divide the other community assets owned by the parties and arrived at a total balance due to Linda Shumway of $65,482.26. Of this amount $20,000.00 has been paid, and execution on the balance was stayed by order of the court.

Linda Shumway appealed the magistrate's decision to the district court and in addition requested a trial de novo. Brad Shumway cross-appealed. The district court denied Linda Shumway's request for a trial de novo. In its decision on the appeal, the district court affirmed the magistrate's decision in all matters except as to the crops growing at the time of the divorce and the income earned during the year of the divorce. As to those matters the district court remanded to the magistrate to make findings thereon, requiring the magistrate to seek an accounting from Brad Shumway. This appeal followed.

Linda Shumway contends that the court erred by: (1) refusing to grant her the divorce on the ground of extreme cruelty; (2) awarding custody of the parties' two sons to Brad Shumway; and, (3) ordering her to pay $100 per month as child support. In addition, Linda Shumway contends, as does Brad Shumway on cross-appeal, that the court made various errors in its division of the community property. Finally, both parties claim that they are entitled to attorney fees on appeal.

We begin our analysis with a review of the magistrate court's record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact. Secondly, we will determine whether the magistrate's conclusions of law follow from his findings. If the findings are so supported and the conclusions follow therefrom, we will affirm the dis-

trict court's decision since the district court affirmed the magistrate's decision. *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981); *Griffin v. Griffin*, 102 Idaho 858, 642 P.2d 949 (Ct.App.1982).

## I.

### A. *Ground for Divorce:*

■ I.C. § 32–605 defines extreme cruelty as "the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage." Whether a spouse's conduct constitutes extreme cruelty is primarily a question of fact to be decided by the magistrate, and the magistrate's findings will be upheld if they are supported by substantial evidence. *Parks v. Parks*, 91 Idaho 420, 422 P.2d 618 (1967); *Angleton v. Angleton*, 84 Idaho 184, 370 P.2d 788 (1962). We have reviewed the record and transcript, and we hold that there is substantial evidence to support the magistrate's finding that neither of the parties had engaged in conduct amounting to extreme cruelty.

### B. *Child Custody:*

"Questions of child custody are within the discretion of the trial court, and it has been repeatedly held that this Court will not attempt to substitute its judgment and discretion for that of the trial court except in cases where the record reflects a clear abuse of discretion." *Strain v. Strain*, 95 Idaho 904, 905, 523 P.2d 36, 37 (1974); *quoted in Moye v. Moye*, 102 Idaho 170, 171, 627 P.2d 799, 800 (1981), *and Poesy v. Bunney*, 98 Idaho 258, 261, 561 P.2d 400, 403 (1977). Linda Shumway contends that the magistrate abused his discretion in awarding custody of the parties' two boys

to Brad Shumway. She argues that the magistrate never made findings as to her fitness to care for the children, that the boys in fact did not have a close relationship with their father, that the magistrate erroneously considered the wishes of the boys, and that the magistrate was primarily concerned with the relationship between the children and their grandparents.

■ Of paramount importance in determining custody is the children's welfare and best interests. *Moye v. Moye, supra; Blakely v. Blakely*, 100 Idaho 107, 594 P.2d 145 (1979); I.C. § 32–717.[1] We disagree with the appellant's contention that the magistrate abused his discretion. The magistrate made extensive findings on the issue of custody and those findings are supported by substantial, although conflicting, evidence. Appellant's argument that the magistrate failed to make specific findings as to her fitness is incorrect because Finding of Fact 13 states that both of the parties are "loving parents and are fit to have custody." Furthermore, the magistrate found that Brad Shumway did in fact have a close and meaningful relationship with his sons, and that he spent a great deal of time with them.

■ We have previously stated that the wishes of young children should not constitute the determining factor in a decision as to custody. *Tomlinson v. Tomlinson*, 93 Idaho 42, 46, 454 P.2d 756, 760 (1969); *Larkin v. Larkin*, 85 Idaho 610, 382 P.2d 784 (1963). In the instant case, the magistrate did not violate this rule of law. The magistrate stated that due to the ages of the children, their wishes, while persuasive, were "not considered as the dominant rea-

---

1. I.C. § 32–717 reads as follows:

"**32–717. Custody of children—Best interest.**—In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:

1. The wishes of the child's parent or parents as to his or her custody;

2. The wishes of the child as to his or her custodian;
3. The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
4. The child's adjustment to his or her home, school, and community;
5. The mental and physical health and integrity of all individuals involved; and
6. The need to promote continuity and stability in the life of the child."

son" for the custody determination and were "not dispositive of the issue."

■ While the magistrate did consider the relationship between the boys and their grandparents (Brad's parents), we do not find that to constitute error. Rather, consideration of that relationship is valid in this case since it reflects on the children's adjustment to their home and community—factors which I.C. § 32–717 lists as factors which may be considered. *See also Neis v. Neis*, 3 Kan.App.2d 589, 599 P.2d 305, 309 (1979) ("This Court has never held that a divorced father, who is otherwise entitled to custody of his child, should be deprived thereof simply because the necessities of making a living compel him to temporarily entrust care of the child to grandparents.") *quoting Schreiner v. Schreiner*, 217 Kan. 337, 537 P.2d 165, 169 (1975).

■ Finally, appellant argues that since the children were of "tender years" she should have received custody. "To the extent previous case law exists which suggests a preference for the mother as custodian of a child of tender years, the preference exists *only* when all other considerations are equal." *Moye v. Moye*, 102 Idaho 170, 172, 627 P.2d 799, 801 (1981) (emphasis added). Since it is apparent that the magistrate did not determine that all other considerations were equal, there was no need to apply the "Tender Years Doctrine." Finding no abuse of discretion, we affirm the magistrate's award of custody of the children to Brad Shumway.

C. *Child Support:*

"Child support awards rest in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Ross v. Ross*, 103 Idaho 406, 409, 648 P.2d 1119, 1122 (1982). Appellant Linda Shumway argues that the magistrate erred in awarding child support payments to Brad Shumway because he did not request child support in his pleadings and did not show that child support was necessary. Furthermore, appellant alleges that she has no proven earning capacity and, therefore, the award was improper.

■ One of the considerations in setting amounts for child support is the financial ability of the payor to make the payments. *Cope v. Cope*, 98 Idaho 920, 576 P.2d 201 (1978); *Nielsen v. Nielsen*, 87 Idaho 578, 394 P.2d 625 (1964). The magistrate stated: "As soon as the [appellant] becomes employed she shall pay the sum of $50.00 per month per child for child support." It is unclear from the magistrate's statement whether or not he meant to imply that appellant is not financially able to make the payments until she obtains employment. While that does seem to be the implication, we note that appellant received a sizable award as a result of the division of property from which it would appear the child support payments could be made. We affirm the trial court's order, noting only that child support is always subject to modification under I.C. § 32–709, and since we are remanding this case (see Parts II. C., and D. *infra*), we instruct the trial court to review its award of child support in view of the current circumstances of the parties.

## II.

### THE DIVISION OF PROPERTY

Both parties allege that the magistrate made various errors in the division of property. These alleged errors can generally be divided as follows: (A) whether the characterization of the one-half interest in the farm property which was conveyed to Brad Shumway was proper; (B) whether the valuation of appellant's share of the partnership was proper; (C) whether various values given to the different items of property were proper; (D) whether it was proper to deduct only one-half of the value of items already in appellant's possession when determining the balance owed to appellant; (E) whether the district court's order requiring respondent to make an accounting of the income earned in the year of the divorce was proper; and, (F) whether the magistrate should have ordered respondent to pay the balance owing to appellant immediately rather than to stay the execution.

A. *The Farm Property:*

Appellant contends that the magistrate erred in characterizing respondent's one-half interest in the farm property as separate property. Appellant claims that the interest is community property as evidenced by the fact that both of the parties signed a mortgage on the property and both entered into certain leases of the property.

■ The fundamental concept of community property law is that all property acquired by either spouse during the marriage is rebuttably presumed to be community property. *Stanger v. Stanger,* 98 Idaho 725, 571 P.2d 1126 (1977); *Guy v. Guy,* 98 Idaho 205, 560 P.2d 876 (1977); *Suter v. Suter,* 97 Idaho 461, 546 P.2d 1169 (1976). However, the presumption of community property may be rebutted by showing that the property was received as a gift by one of the spouses, *Stanger v. Stanger, supra,* because property acquired by gift is separate property, I.C. § 32–903.

■ In the instant case respondent produced evidence that the one-half interest in the farm property was obtained from his parents and that it was intended to be a gift to respondent only. Consequently, the magistrate found that the one-half interest in the farm land was respondent's separate property. This finding of the trial court is supported by substantial and competent evidence, and thus, we will not disturb it on appeal.

■ In regard to appellant's contention that the signing of a mortgage (the proceeds of which were used to build the home in which the parties lived) and leases evidence the fact that the property was part of the community, we hold that the mere signing of the mortgage and leases by appellant does not constitute such clear evidence of the community's ownership of the farm land that we are required to reverse the trial court's finding of fact. Fur-

thermore, having determined that the interest in the land was respondent's separate property, the mere signing of the mortgage did not create a community interest. *See Cargill v. Hancock,* 92 Idaho 460, 444 P.2d 421 (1968); *Stewart v. Weiser Lumber Co.,* 21 Idaho 340, 121 P. 775 (1912).[2]

B. *Valuation of Partnership:*

On cross-appeal respondent Brad Shumway contends that the trial court erred in determining the value of the farm partnership. Respondent argues that the home in which the parties lived was not a partnership asset, but was property belonging solely to his parents. In addition, respondent argues that the magistrate overvalued the respondent's interest in the partnership by undervaluing the initial contribution of assets to the partnership by respondent's father.

■ The magistrate found that partnership funds were used to construct the residence in which the parties lived. Despite respondent's effort to refute this finding, the magistrate's finding is supported by substantial, competent evidence and, therefore, we will not disturb it on appeal. According to I.C. § 53–308(2): "Unless the contrary intention appears, property acquired with partnership funds is partnership property." Since no contrary intention appears, we affirm the magistrate's conclusion that the residence was a partnership asset.

Respondent's second contention regarding the partnership assets is that the magistrate failed to take into account the value of the assets originally placed into the partnership by respondent's father. Respondent argues that the assets placed in the partnership by his father did not constitute partnership property but were only given to the partnership for the partnership to use. Respondent, therefore, concludes that

---

**2.** Our recent holding in *Winn v. Winn,* 105 Idaho 811, 673 P.2d 411 (1983), is not directly applicable to this factual situation. *Winn* dealt with onerous acquisitions of property, whereas the facts of this case set forth a gratuitous acqui-

sition of property. However, the principle of law we stated in *Winn* is applicable here as it was in that case: "[C]haracter of property vests at the time of acquisition." *Winn, supra,* at 814, fn. 1, 673 P.2d at 414, fn. 1.

the total value of the partnership must be reduced by the value of all the assets initially contributed by his father before determining the value of respondent's partnership interest.

The magistrate concluded that the personal property placed in the partnership by respondent's parents "merged into the partnership." The magistrate then cited the following facts to support his finding:

"(1) Bank account was used as partnership account.

"(2) Equipment was depreciated and taken as partnership expense.

"(3) Capital assets (livestock) was [sic] sold and divided between partners.

"(4) Expenses such as taxes, insurance, and maintenance of the assets was [sic] paid from partnership income.

"(5) There was no accounting of capitol [sic] accounts from year to year and no written agreement for one partner to pay the other for assets contributed to the partnership."

The magistrate added that he was of the opinion that "a gift of these assets were [sic] made to the partnership and there was never any intention that the partnership should pay [respondent's father] for the assets." Finally, the magistrate noted that the books of the partnership business had been very poorly kept.

 I.C. § 53–308(1) generally states that "[a]ll property originally brought into the partnership stock ... on account of the partnership is partnership property." *See* 68 C.J.S. *Partnership* § 70a.(1) (1950). However, the ultimate determination of whether particular assets are partnership property is dependent on the intention of the parties. 1 Z. Cavitch, Business Organizations § 16.01[1][c] (1983); 60 Am.Jur.2d *Partnership* § 92 (1972); 68 C.J.S. *Partnership* § 70a.(2) (1950). We conclude that the magistrate's finding is supported by substantial, competent, although conflicting, evidence and, therefore, we affirm the magistrate's conclusion that all of the property initially contributed to the partnership constituted partnership assets. Partners are presumed to possess

equal interests in the partnership unless there is an agreement to the contrary. 68 C.J.S. *Partnership* § 85b. (1950). Consequently, respondent is presumed to possess an equal one-half interest in the partnership.

C. *Valuation of Property:*

 Both of the parties dispute the magistrate's conclusions as to the value of several items of property. Determination of the value of various items is within the discretion of the trial court and will not be disturbed on appeal if supported by substantial, competent evidence. *Martsch v. Martsch*, 103 Idaho 142, 645 P.2d 882 (1982); *Hooker v. Hooker*, 95 Idaho 518, 511 P.2d 800 (1972); *Tilton v. Tilton*, 85 Idaho 245, 378 P.2d 191 (1963).

 After reviewing the record, we conclude that the magistrate's conclusions as to value were supported by substantial, competent evidence in all respects except as to one item of property. The magistrate determined that the value of the "Vibra Shank" was $5,000.00. However, the only testimony as to the value of the Vibra Shank indicated that its value was $500.00. Therefore, we affirm all of the values determined by the magistrate, except as to the Vibra Shank. We reverse the valuation of the Vibra Shank and remand for a determination of its value.

D. *Items Already in Appellant's Possession:*

 The trial court awarded appellant the community's 1977 automobile which was valued at $3,000.00. In addition, prior to the decision of the trial court, respondent advanced $4,000.00 to appellant pursuant to a stipulation entered into by the parties which provided that this amount would be deducted from any award of community property which appellant might receive. However, after determining the total value of the community (which included the automobile and $4,000.00), the trial court deducted only one-half of the value of the automobile and one-half of the

$4,000.00 from appellant's one-half share in arriving at the balance due to appellant. This was error. By not deducting the full value of the automobile and the full $4,000.00 from appellant's one-half share of the community, the court allowed appellant to receive $3,500.00 more than her one-half share of the community. Therefore, on remand the court is instructed to deduct the full value of the automobile and the full $4,000.00 from the total award to which appellant is entitled, to arrive at the net balance owed by respondent to appellant.

### E. *Accounting of Income:*

On appeal from the magistrate court, the district court held that the case needed to be remanded to the magistrate court for a determination of the value of the growing crops and income for the year of the divorce, and to divide the income between the parties. Respondent contends that this holding was in error, and that the magistrate court failed to determine the income because appellant failed to present evidence on the subject.

We have previously held that income averaging, using prior years' income tax returns, is an appropriate method to determine the income for the year in question. *Houska v. Houska,* 97 Idaho 316, 543 P.2d 869 (1975). In this case, the 1972–1978 partnership tax returns were admitted into evidence. Yet, the magistrate court did not state why it failed to income average in order to compute the income for the year of the divorce. Respondent contends that the magistrate may have thought that income averaging was too speculative. However, this contention is mere speculation on the part of respondent. Therefore, we affirm the district court and instruct the magistrate court to determine on remand the income for the year of the divorce and make the appropriate division thereof.

### F. *The Stay of Execution:*

▇▇ Appellant argues that the magistrate erred in granting a partial stay of execution pending appeal. We do not agree. I.R.C.P. 83(i) provides that an appeal to the district court does not automatically prevent enforcement of the judgment, but goes on to allow for a stay "as provided by Rule 62 or as provided by the Idaho Appellate Rules." Pursuant to I.R.C.P. 62(a), "the court in its discretion" may order a stay of execution. Finding no abuse of discretion by the magistrate, we affirm the partial stay of execution.

### III.

Finally, each party requested attorney fees on appeal. We feel that neither party pursued, or defended this appeal unreasonably or without foundation. Therefore, we deny both parties' request for attorney fees.

Judgment of the district court affirmed in part, and reversed as to: (1) the valuation of the Vibra Shank; and, (2) the reduction of appellant's award by only one-half of the value of the automobile and one-half of the amount appellant received pursuant to the parties' stipulation. Remanded to the district court with instructions to remand to the magistrate court for proceedings in accordance with this opinion.

Each party to bear their own costs on appeal.

No attorney fees on appeal.

SHEPARD, BAKES and BISTLINE, JJ., and McFADDEN, J. Pro Tem, concur.