■ In the Matter of DANIEL ARNOLD, Appellant, v DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent.— Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered February 20, 1990 which, *inter alia,* denied and dismissed the petition insofar as it sought an order directing respondent, New York City Department of Health, to issue new birth certificates for petitioner's two daughters showing a change of surname and deleting therefrom the name of the children's natural mother, unanimously affirmed, without costs or disbursements.

The Circuit Court for Howard County, Maryland, ordered that the children "shall all have their names changed to be as [requested]" and directed respondent to issue new birth certificates for the children born in New York City. Even if the Maryland court's order effected valid name changes and is given full faith and credit, it is not entitled to full faith and

credit to the extent it requires respondent to issue new birth certificates since the Maryland court lacked jurisdiction over respondent, and is therefore without power to direct respondent to perform an act. Moreover, to amend the birth certificate of a minor child, born in New York City, whose name is changed pursuant to court order requires both parents, or the surviving parent, to make an application to respondent. *(See,* New York City Health Code § 207.01.) Where, as here, the application is being made only by the father, who does not appear to be the sole surviving parent, respondent does not have the statutory authority to grant it. Furthermore, given that petitioner's eldest daughter had already reached majority age when the petition was filed, the IAS court was correct in recommending that she should file for the appropriate relief on her own behalf. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.