889 P.2d 720

STATE of Idaho, DEPARTMENT OF HEALTH AND WELFARE, ex rel., STATE OF WASHINGTON, ex rel., Virginia F. NICKLAUS, Plaintiff–Respondent–Cross–Appellant,

v.

Roger ANNEN, Defendant–Appellant–Cross–Respondent.

Docket No. 20499.

Supreme Court of Idaho, Pocatello, May 1994 Term.

Feb. 13, 1995.

Ronald J. Jarman, Pocatello, for appellant.

Larry EchoHawk, Atty. Gen. and Margaret C. Lawless, Deputy Atty. Gen., Boise, for respondent. Margaret C. Lawless argued.

PER CURIAM.

'This is a paternity action brought ten years after the birth of the child in question by the Idaho Department of Health and Welfare. The central issue is whether the

State's action is barred by laches. We hold that it is not, vacate the magistrate's order which dismissed this action on grounds of laches, and remand this case for further proceedings.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In July 1980, seventeen-year-old Virginia Nicklaus (Nicklaus) gave birth to a baby girl, Jennifer. Nicklaus received public aid for the birth from the State of Idaho. Nicklaus told the State the father was Appellant Roger Annen (Annen), then twenty-eight. The State advised Annen of his support obligation soon after Jennifer's birth. He denied paternity.

In late 1980, Nicklaus and her child moved to the state of Washington. They lived there until this action was filed in October 1990. For most of that time, Nicklaus received child support benefits from the State of Washington.

After his denial of paternity in 1980, Annen heard nothing from either Idaho or Washington until ten years later when Idaho instituted this action on behalf of Washington pursuant to Idaho's version of the Revised Uniform Reciprocal Enforcement of Support Act. *See* former I.C. §§ 7–1048 through 7–1089 (1969).

At trial, the State of Idaho sought to establish paternity and an order for reimbursement of support payments on behalf of Jennifer dating back to 1989, as well as future support. Evidence at trial from blood tests indicated the probability of Annen's paternity is 99.99%. The State agreed it was precluded from seeking reimbursement for expenditures before 1989 because of the three-year statute of limitations in I.C. § 5–218 pertaining to obligations created by statute.

Annen asserted the defense of laches. He claimed prejudice from the State's ten-year delay because his financial obligations to his current wife and four children consume nearly all his income, and he committed to these obligations without knowledge that the State would seek past and future child support.

The State responded that (1) laches cannot be asserted against the State acting in the public interest, (2) Annen failed to establish prejudice to support a laches defense, and (3) laches is unavailable where the claim is not barred by the applicable statute of limitations. Here, the claim is not barred, says the State, because Idaho allows paternity actions at any time before the child turns eighteen. I.C. § 7–1107, I.C. § 32–101.

The magistrate found in favor of Annen based on laches, and dismissed the case. The State appealed to the district court. The district court reversed, ruling that although the magistrate properly found laches had been established, laches could not be asserted against the State in this case.

## II.

### STANDARD OF REVIEW

■■■ "This Court reviews the decision of a magistrate judge independently of a district judge sitting in an appellate capacity, but with due regard to the district judge's ruling." *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). "We will uphold the magistrate's findings of fact if supported by substantial and competent evidence." *Id.* On issues of law, we exercise free review. *Ausman v. State,* 124 Idaho 839, 841, 864 P.2d 1126, 1128 (1993).

## III.

### ANNEN'S FINANCIAL CIRCUMSTANCES DO NOT CONSTITUTE MATERIAL PREJUDICE

■■■ "The doctrine of laches is a creation of equity and is a species of equitable estoppel." *E.g., Sears v. Berryman,* 101 Idaho 843, 848, 623 P.2d 455, 460 (1981). In determining whether the defense of laches applies, courts must accord due regard to all the surrounding circumstances and acts of the parties; lapse of time, standing alone, is not controlling. *Finucane v. Village of Hayden,* 86 Idaho 199, 206, 384 P.2d 236, 240 (1963). We have stated four elements of laches to guide the inquiry:

(1) defendant's invasion of plaintiff's rights, (2) delay in asserting plaintiff's

rights, the plaintiff having had notice and an opportunity to institute a suit, (3) lack of knowledge by defendant that plaintiff would assert his rights, and (4) injury or prejudice to defendant in the event relief is accorded to plaintiff or the suit is not held to be barred.

*Finucane,* 86 Idaho at 205, 384 P.2d at 240; *McCuskey v. Canyon County,* 123 Idaho 657, 664, 851 P.2d 953, 960 (1993); *State ex rel. Johnson v. Niederer,* 123 Idaho 282, 284, 846 P.2d 933, 935 (Ct.App.1992).

We assume for the sake of argument, without so holding, that the first three elements of laches have been established, and we focus on the element of prejudice, as did the magistrate. The magistrate found that Annen and those who depend on him would be prejudiced if the State's suit was not barred. At the time of trial, Annen was supporting his current wife and her two children from a prior marriage, one of whom was a minor. In addition, he was paying $460 per month in child support for two of his daughters residing with his former wife. Annen's 1991 W–2 form showed he earned $34,633 in 1991. In addition, the magistrate concluded that the establishment of any meaningful relationship between the father and daughter is probably impossible, and "probably more damaging to the child than beneficial."

█ We hold that substantial and competent evidence did not support the magistrate's finding. Annen's claims of financial hardship fail to demonstrate prejudice. First, the State's action merely sought reimbursement for support payments made during the three years before it filed this action. The State did not seek reimbursement for all payments from the date of Jennifer's birth because of the three year statute of limitations in I.C. § 5–218 pertaining to liabilities created by statute. The legislature has weighed the equities of sheltering defendants like Annen from liability over an extended period of time and resolved the matter by statute. The public policy concerns about stale claims are adequately served by the three-year statute of limitations. *See Napowsa v. Langston,* 95 N.C.App. 14, 381 S.E.2d 882, 887 (1989) (refusing to apply laches to action for retroactive child support).

Annen has no greater claim to equitable relief than any other debtor who has failed to make payments for a period exceeding three years.

Secondly, the amount of current child support, and the rate at which Annen reimburses the State for past support, may be adjusted according to his income pursuant to the Idaho Child Support Guidelines (I.C.S.G.) and I.C. § 56–203(b). The schedule of payments regarding Jennifer can be drawn to take into account both the amounts necessary to support Annen's current household, and the child support payments Annen may be making for his other daughters. I.R.C.P. 6(c)(6), I.C.S.G. § 7. Annen need not be deprived of "the means for self-support at a minimum subsistence level." I.R.C.P. 6(c)(6), I.C.S.G. § 4(d).

We agree with the result in the paternity case of *M.A.D. v. P.R.,* 277 N.W.2d 27 (Minn. 1979). There, the father was married with two minor children. Due to serious injuries in an automobile accident, the father had difficulty with his memory, and his income was limited to social security. The Minnesota Supreme Court stated:

> Inasmuch as the appellant father's income is now limited to social security, the amount of support may be correspondingly limited, but the principle is the same: laches, if any, of a mother or of a welfare board will not defeat the rights of a minor child to support from his adjudicated father.

*Id.,* 277 N.W.2d at 30. Likewise, we hold that Annen's existing financial obligations are not substantial, competent evidence of prejudice. They do not defeat Jennifer's right to current child support from her natural father, nor the State's right to reimbursement for past support.

As to the non-financial aspects of prejudice, the magistrate concluded that Jennifer might suffer psychological harm if there were a parental relationship established with Annen. This conclusion is not based upon substantial, competent evidence. There was no testimony from any witnesses, expert or otherwise, that Jennifer would be subject to psychological distress. Further, the preju-

**694**

dice that the laches doctrine seeks to remedy is typically that suffered by the party invoking the doctrine, here, Annen. It is unclear whether the magistrate made a finding that Annen suffers prejudice because he has been unable to establish a parent-child relationship with Jennifer. To the extent such a finding was made, it too is not supported by substantial, competent evidence because the facts demonstrate that in prior years Annen was presented with information about his paternity and failed or refused to take action to establish a relationship with Jennifer.

Because Annen never demonstrated prejudice, his laches defense fails, and we need not reach the further questions of whether laches (1) can be established against the State, and (2) can defeat an action filed before the statute of limitations has run.

## IV.

### CONCLUSION

To reiterate, we hold that the magistrate's finding of prejudice is not supported by substantial, competent evidence necessary to justify applying laches to defeat an action filed within the statute of limitations.

The magistrate's order dismissing this action is vacated and the case is remanded to the magistrate for further proceedings consistent with this opinion. Costs to respondent-cross-appellant.