PHILIP ALBA, Appellant, v. HOLLY
ALBA, Respondent.

No. 25538

March 30, 1995                    892 P.2d 574

*McDonald and Petroni,* Reno, for Appellant.

*M. Jerome Wright,* Reno, for Respondent.

## OPINION

*Per Curiam:*

After a marriage of seven years, appellant Philip Alba sued his wife, respondent Holly Alba, for divorce. Following a bench trial, the trial judge divided the parties' personal property and awarded rehabilitative alimony to Holly. Philip appeals, arguing that the trial judge improperly determined the value of the personal property by averaging the values offered by Philip and the values offered by Holly. He also argues that Holly is not entitled to rehabilitative alimony pursuant to NRS 125.150(8), and therefore, the district court abused its discretion by awarding alimony.

During trial, Philip presented two exhibits regarding the community personal property. Exhibit T is a list of personal property with Philip's estimate of each item's value. Exhibit U is a similar list with Holly's estimate of each item's value.

Later in the trial, Holly presented Exhibit 6, which was assertedly prepared by her attorney's secretary. Exhibit 6 lists the items contained in Exhibits T and U and the values assigned to each item by Holly and Philip. The values are averaged and listed in a separate column. The amended decree provides that "[t]he personal property is [] valued and divided in accordance with Exhibit 6, which was admitted at trial." Philip argues that the averaging of the parties' opinions of value under the circumstances is contrary to law, and constitutes an abuse of discretion.

Although this court has not addressed the issue of property valuation, other states have granted the trial court wide latitude in determining the value of personal property. *See, e.g.,* Shumway v. Shumway, 679 P.2d 1133 (Idaho 1984); Laumann v. Laumann, 400 N.W.2d 361 (Minn. Ct. App. 1987); In re Marriage of Kramer, 747 P.2d 865 (Mont. 1987); In re Marriage of Mathews, 853 P.2d 462 (Wash. Ct. App. 1993). The consensus of these other states is that a court's valuation of personal property is not an abuse of discretion, so long as the value placed on the property falls within a range of possible values demonstrated by competent evidence.

In this case, Philip introduced two exhibits which contained each party's valuation of the property. The value which the trial judge placed on the property was, by definition, within that range since it was a simple average of the parties' opinions. Even assuming, *arguendo,* that the trial judge should not have based its valuation on Exhibit 6, any error is harmless, since the valuation determination was within the range that the trial judge could have reasonably assigned.

Turning to the question of rehabilitative alimony, the record reflects that the district court ordered Philip to pay $1,000.00 per month spousal support for three years to allow Holly to obtain education in the field of graphic arts. NRS 125.150(8) provides:

> In granting a divorce the court shall consider the need to grant alimony to a spouse for the purpose of obtaining training or education relating to a job, career or profession. *In addition to any other factors the court considers relevant* in determining whether such alimony should be granted, the court shall consider:
> (a) Whether the spouse who would pay such alimony has

obtained greater job skills or education during the marriage; and

    (b) Whether the spouse who would receive such alimony provided financial support while the other spouse obtained job skills or education.

(Emphasis added.) In addition to the two factors enumerated therein, NRS 125.150(8) gives the trial court great latitude to consider "any other factors the court considers relevant in determining whether such alimony should be granted." In considering other factors, the trial judge in the case at bar specifically found that the earning potential of Philip, as a general contractor, was much higher than that of Holly, as a blackjack dealer. This finding justifies an award of alimony in this case pursuant to NRS 125.150(8).

Neither the valuation of the personal property nor the award of rehabilitative alimony constituted an abuse of discretion in this case. We affirm the district court's division of community personal property and award of alimony.