895 P.2d 574

**Roy Lee PHILLIPS, Petitioner–Respondent on Appeal,**

v.

**CONSOLIDATED SUPPLY CO., Respondent–Appellant on Appeal.**

**No. 21716.**

Supreme Court of Idaho,
Boise, February 1995 Term.

May 25, 1995.

Miller, Nash, Wiener, Hager & Carlsen, Portland, Oregon, and Skinner, Fawcett & Mauk, Boise, for appellant. John F. Neupert argued.

Risch, Goss & Insinger, Boise, for respondent. James E. Risch argued.

McDEVITT, Chief Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On April 14, 1992, Phillips filed a petition in magistrate court seeking to amend his Idaho marriage certificate and his Missouri birth certificate to reflect his race as "American Indian" rather than as "White." Consolidated Supply Company of Idaho (Consolidated) was permitted to intervene in the action to protect an asserted interest in the outcome of the proceedings.

Consolidated is a competitor of Phillips' company, Water & Wastewater Equipment Co. (WWW). Phillips is the president of WWW. WWW had been certified by the Idaho Transportation Department (the ITD) as a disadvantaged business enterprise (DBE). To obtain DBE status, the applicant must be a member of a bona fide minority group or qualify as a socially or economically disadvantaged individual. WWW received DBE status because, based on Phillips' application, the ITD believed that Phillips was an American Indian. Due to the DBE certification, WWW was able to obtain a competitive advantage over Consolidated on government projects.

In December 1991, prior to Phillips' petitioning the magistrate court, Consolidated challenged WWW's certification as a DBE and Phillips' status as an American Indian. As a result, the ITD decertified WWW from its DBE status based on Phillips' failure to present sufficient evidence to establish his American Indian heritage.

While both the ITD proceedings and the action before the magistrate court were

pending, Phillips petitioned the Bureau of Vital Statistics (the Bureau) directly to amend his marriage certificate to reflect Phillips' American Indian ancestry. The Bureau granted the petition, and the registrar for the Bureau amended Phillips' marriage certificate. After the grant of Phillips' petition, Phillips filed a notice of dismissal with the magistrate court and argued that the petition should be dismissed because no answer or summary judgment motion had been filed. Consolidated objected to the dismissal and moved to strike the notice of dismissal. The magistrate court granted Consolidated's motion and denied Phillips' voluntary dismissal.

The case proceeded to trial on October 26, 1992. At trial, Phillips did not present any evidence, and the magistrate court entered judgment in favor of Consolidated. The magistrate court held that Phillips failed to establish a right to have his vital statistics reflect American Indian ancestry, dismissed Phillips' petition on its merits, and awarded costs and attorney fees to Consolidated. Phillips appealed the decision to the district court.

On review, the district court concluded that the magistrate court lacked jurisdiction to enter its orders and vacated and reversed the judgment of the magistrate court. Consolidated appealed the decision of the district court. The case was assigned to the Court of Appeals which affirmed the decision of the district court. This Court granted Consolidated's petition for review.

## II.

## ISSUES ON APPEAL

On appeal Consolidated argued that the district court erred in concluding that the magistrate court did not have jurisdiction to entertain Phillips' petition to amend his Idaho marriage certificate and his Missouri birth certificate and erred in reversing the magistrate court's award of attorney fees and costs to Consolidated. Phillips argued (1) that the issues raised by Phillips' petition became moot when the registrar for the Bureau amended the marriage certificate, (2) that Consolidated had no standing to intervene in the present action, (3) that the magistrate court erred in making findings of fact and conclusions of law which have no basis in the record.

## III.

## DISCUSSION

### A. THE IDAHO MARRIAGE CERTIFICATE

 This Court reviews the decision of the magistrate court independently of, but with due regard for the district court's appellate decision. *Department of Health & Welfare v. Annen,* 126 Idaho 691, 692, 889 P.2d 720, 721, 95.4 ISCR 123, 123 (1995); *Ireland v. Ireland,* 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). This Court will uphold the findings of the magistrate court if the findings are supported by substantial and competent evidence. *McNelis v. McNelis,* 119 Idaho 349, 351, 806 P.2d 442, 444 (1991). However, issues of law are freely reviewed by this Court. *In re Mundell,* 124 Idaho 152, 153, 857 P.2d 631, 632 (1993).

 The primary dispute between the parties with respect to the Idaho marriage certificate is whether the magistrate court should have heard the case in the first instance. On July 8, 1992, Phillips was granted the relief he sought when the registrar of the Bureau amended Phillips' marriage certificate to reflect that Phillips' race was "American Indian" rather than "White." The magistrate court erred in failing to dismiss the case as moot. We do not address the jurisdiction, if any, of the magistrate court to grant the relief sought.

Because this Court has determined that the issue raised in the magistrate court concerning the Idaho marriage certificate was moot, we need not address the other issues presented on appeal involving the Idaho marriage certificate.

### B. THE MISSOURI BIRTH CERTIFICATE

 We must now address the issue of whether the magistrate court had jurisdiction to order the amendment of Phillips' Missouri

birth certificate. The issue of a magistrate's jurisdiction is an issue of law over which this Court exercises independent review. *In re Hanson,* 121 Idaho 507, 509, 826 P.2d 468, 470 (1992).

The magistrate court did not specifically rule on the issue of its jurisdiction to order the amendment of Phillips' birth certificate. The court determined that Phillips had not presented sufficient evidence to contradict the status of Phillips' race on his birth certificate as "White." Consolidated argued that the magistrate court had jurisdiction over Phillips' petition to amend his Missouri birth certificate.[1] We disagree.

The Idaho Vital Statistics Act provides for the establishment of a vital statistics unit to preserve official records and to keep and maintain the vital statistics of the state of Idaho. I.C. §§ 39–240 to –276. Absent a statute granting extraterritorial rights, "[s]tatutes are intended to apply and be confined in their operation to persons, property and rights which are within the territorial jurisdiction of the law-making power." *Ore–Ida Potato Prod., Inc., v. United Pac. Ins. Co.,* 87 Idaho 185, 193, 392 P.2d 191, 195 (1964). The Idaho Vital Statistics Act does not expressly provide for extraterritorial application, thus the Act cannot be construed to have any binding authoritative effect on other jurisdictions. *See Arnold v. Department of Health of City of New York,* 174 A.D.2d 409, 571 N.Y.S.2d 14, 14–15 (1991) ("Even if the Maryland court's order effected valid name changes and is given full faith and credit, it is not entitled to full faith and credit to the extent it requires respondent [New York City's Department of Health], to issue new birth certificates since the Maryland court lacked jurisdiction over respondent, and is therefore without power to direct respondent to perform an act.") We hold that the magistrate court has no jurisdiction to order the amendment of Phillips' Missouri birth certificate.

## IV.

### CONCLUSION

In conclusion, we hold that the issues before the magistrate court concerning Phillips' Idaho marriage certificate were rendered moot upon the amendment of the certificate by the registrar of the Bureau of Vital Statistics. We also hold that the magistrate court lacked jurisdiction to order the amendment of Phillips' Missouri birth certificate. Because Phillips prevailed on appeal, the magistrate court's award of attorney fees to Consolidated is vacated. Costs on appeal are awarded to Phillips.

SILAK, J., and TRANSTRUM, Justice Pro Tem, concur.

JOHNSON, Justice, with TROUT, Justice, joining, concurring and concurring in the result in part III. A.

I concur in all of the Court's opinion except part III. A. (The Idaho Marriage Certificate). In my view, the Court should premise this part of its decision on the lack of jurisdiction of our courts to correct records maintained by the vital records unit of the department of health and welfare (the unit) by a direct action.

I.C. § 39–250 provides the method of amending a certificate filed with the unit. If a person seeking amendment of a certificate is not satisfied with the action of the unit, the person may appeal "to a court of competent jurisdiction." I.C. § 39–250(d). This case is not an appeal of an administrative decision of the unit. It is an original action to amend a marriage certificate maintained by the unit. In my view, it is not possible to circumvent the statutory process for seeking amendment and appealing an adverse decision of the unit by filing an action seeking amendment of a certificate.

---

1. Consolidated relies in part on a letter sent by the Missouri Department of Health, Bureau of Vital Records to Phillips which stated that the Department would amend Phillips' birth certificate if it were provided with a certified copy of a court order from a court of competent jurisdiction in the county of Phillips' residence directing the Department to make the amendment. We make no determination of whether the Department may, upon its own choosing, amend the Missouri birth certificate pursuant to a Idaho court's order and whether that amendment would be enforceable in a court of law.