886 P.2d 779

Laura B. THORNTON, Plaintiff–Respondent, Cross–Appellant,

v.

Estate of Stuart B. Thornton, Defendant,

and

Diane HICKOX, individually and as Personal Representative of the estate of Stuart B. Thornton, deceased, Defendant–Appellant, Cross–Respondent.

No. 21146.

Supreme Court of Idaho,
Boise, September 1994 Term.

Dec. 13, 1994.

Manweiler, Bevis & Cameron, P.A., Boise, for appellant.

Derr & Associates, Boise, for respondent.

JOHNSON, Justice.

This is a civil case. The dispositive issue is whether the trial court properly certified an order denying a motion to dismiss as a final judgment pursuant to I.R.C.P. 54(b). We conclude that the trial court improperly certified the order as a final judgment.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Laura B. Thornton sued the estate of her deceased former spouse, Stuart B. Thornton, and the personal representative of the estate, Diane Hickox.

After a series of delays in the prosecution of the case and orders of the trial court concerning dismissal for lack of prosecution, Thornton moved for partial summary judgment. The estate and Hickox made a special appearance and moved for dismissal of Thornton's motion.

The trial court denied the motion to dismiss and certified the denial as a final judgment pursuant to I.R.C.P. 54(b). The estate and Hickox appealed. Thornton cross-appealed, challenging the certification of the denial as a final judgment.

## II.

### THE TRIAL COURT IMPROPERLY CERTIFIED THE DENIAL OF THE MOTION TO DISMISS AS A FINAL JUDGMENT.

Thornton asserts that the trial court improperly certified the denial of the motion to dismiss as a final judgment pursuant to I.R.C.P. 54(b). We agree.

I.R.C.P. 54(b) provides a means for a trial court to certify a ruling as a final judgment "only when there was more than one claim for relief and one or more but less than all of those claims were disposed of against all parties against whom those claims were made." *Pichon v. L.J. Broekemeier, Inc.*, 99 Idaho 598, 601, 586 P.2d 1042, 1045 (1978).

In this case, the denial of the motion to dismiss did not dispose of any claim. Therefore, it was not proper for the trial court to certify the denial pursuant to I.R.C.P. 54(b).

## III.

## CONCLUSION.

We dismiss the appeal and remand the case to the trial court for further proceedings.

We award costs on appeal, but not attorney fees, to Thornton.

TROUT, SILAK, JJ., and WOODLAND and REINHARDT, JJ., Pro Tem., concur.