918 P.2d 1218

**Laura THORNTON, Plaintiff–Appellant,**

v.

**ESTATE OF Stuart B. THORNTON and Diane Hickox, individually, and as personal representative of the Estate of Stuart B. Thornton, deceased, Defendants–Respondents.**

**No. 22030.**

Supreme Court of Idaho,
Boise, April 1996 Term.

June 20, 1996.

Derr & Associates, Boise, for appellant. Allen R. Derr and Lawrence G. Sirhall, Jr., argued.

Manweiler, Bevis & Cameron, P.A., Boise, for respondents. Howard I. Manweiler argued.

McDEVITT, Chief Justice.

This is a case involving Laura Thornton's (Laura) discovery of approximately $250,000 of community property that her late ex-husband, Stuart Thornton (Stuart), had secreted from Laura prior to Laura and Stuart's divorce and Stuart's death. Laura appeals the magistrate division's dismissal of her attempt to recover her share of the community property in Stuart's probate proceedings. We vacate the decision of the magistrate and remand.

## I.

### FACTS AND PRIOR PROCEEDINGS

Laura and Stuart were married in 1977. On January 21, 1986, Stuart filed for divorce. On July 9, 1986, Laura and Stuart stipulated to a Partial Decree of Divorce. The Partial Decree of Divorce granted "a full and absolute decree of divorce from the defendant [Laura]," and reserved "the question of division of the property of the parties" for a later time. On July 25, 1986, Stuart died.

On September 10, 1986, the magistrate entered findings of fact and conclusions of law, dividing the marital property between Laura and Stuart's estate (Estate). On October 21, 1986, the magistrate entered a decree of divorce and a memorandum and judgment, dividing the property of the parties.

The October 21, 1986 memorandum and judgment, was not appealed.

On December 10, 1986, Laura and the Estate entered a "Settlement Agreement and Mutual Release" (Agreement), settling each parties' interests in the community and separate property. The Agreement stated:

> Any claim Thornton [Laura] may have for a share of any property not disclosed at the trial of this case is specifically reserved, and this release does not affect any such future claim.

In 1989, Laura discovered that Stuart had secreted approximately $250,000 of community property through California bank accounts that Stuart opened prior to Laura and Stuart's divorce. Depositions of two bank executives indicated that Stuart opened two bank accounts (account numbers 381–016 and 381–091) on or about August 12, 1985. The depositions further indicated that Stuart had deposited approximately $128,986.47 in account number 381–091, and approximately $110,000 in account number 381–016.

On December 6, 1985, Paul Tomko, president of the Bank of Westminster, received a check in the sum of $139,200.47 from Stuart. The $139,200.47 check was drawn from one of Stuart's California accounts. In exchange for Stuart's $139,200.47 check, Tomko made on December 7, 1985, a promissory note for $139,200.47, payable to Ramona Thornton (Stuart's daughter), with an interest rate of 13% per annum. Across the December 7, 1985 promissory note, the handwritten words "Renewed December 18, 1986," were written. On December 18, 1986, a renewed promissory note for $139,200.47 was made by Tomko, payable to Ramona Thornton with an interest rate of 10% per annum. Tomko paid Ramona in May 1989, for the December 18, 1986 promissory note.

Tomko's business, Auto Wholesale, received a check for $110,000 from Stuart on February 9, 1986. The $110,000 check was drawn from one of Stuart's California bank accounts. On February 9, 1986, Tomko made a promissory note payable to Ramona for the sum of $110,000 with an interest rate of 12% per annum. Tomko paid Ramona for the February 9, 1986 promissory note, in May 1989.

On November 29, 1990, Laura filed a "Second Objection to Inventory," in *"In the Matter of the Estate of Stuart B. Thornton,"* case number 3P–10813, objecting to the inventory that was provided to Laura on November 10, 1987.[1] Laura contended that the inventory failed to acknowledge and account for Stuart's two bank accounts located in California. This action was subsequently labeled case number 97541. In this action, Laura requested the probate court compel the personal representative to marshal into the Estate and disburse to Laura, her share of the funds that were secreted by Stuart into the two bank accounts located in California and ultimately made a gift to Ramona, without Laura's consent.

On August 21, 1991, Laura filed a motion for summary judgment requesting the court grant summary judgment in favor of Laura as follows:

1. Declaring the funds decedent transferred to California community funds and part of the assets of this estate.

2. Ordering the Personal Representative of this estate to secure the return of said funds to Idaho and account for said funds as assets of this estate, as to 50% thereof.

3. Ordering the estate to reimburse Laura Thornton her costs and expenses in locating said assets.

On November 13, 1991, the Estate filed a motion to dismiss Laura's motion for summary judgment for lack of jurisdiction and standing. While the magistrate initially denied the Estate's motion to dismiss, the magistrate subsequently reversed itself on October 26, 1993, holding that Laura was not a surviving spouse, heir, devisee, or an interested party, and therefore Laura did not have an interest in the Estate and had no standing to complain with respect to the actions of the personal representative.

On March 7, 1994, Laura appealed to the district court the magistrate's decision granting the Estate's motion to dismiss. The district court affirmed the magistrate. Laura appealed to this Court.

On December 6, 1991, Laura filed a complaint alleging fraud on the part of Stuart, breach of contract, and breach of fiduciary duty against the Estate and Diane Hickox individually and as personal representative of the Estate. This action was labeled case number 95216.

Case number 95216 was the subject of an appeal before this Court during the September 1994 term. This Court dismissed the appeal in case number 95216 and remanded the case for further proceedings, without reaching the merits of Laura's case. *See Thornton v. Hickox,* 126 Idaho 474, 886 P.2d 779 (1994).

On remand the district court in case number 95216 determined that, based upon the district court's finding that Stuart had lied and committed fraud against his wife Laura, Laura was entitled to one half of the community property gifted by Stuart, without Laura's consent, to Stuart's daughter, Ramona. The district court entered a judgment on September 26, 1995, awarding Laura the sum of $288,088.36. There was no appeal of the district court's decision in case number 95216.

On October 5, 1995, Laura filed a petition in case number 97541, requesting the lower court to order the personal representative to pay Laura's claim to the extent that funds of the Estate were available for payment. In Laura's October 5, 1995 petition, Laura contended that she was an interested person, pursuant to I.C. § 15–1–201 in that Laura was a judgment creditor of the Estate, referencing the district court's September 28, 1995 Judgment, in district court case number 95216.

## II.

### STANDARD OF REVIEW

 We review the decision of the magistrate independently of, but with due regard for, the district court's appellate decision. *In re Estate of Kirk,* 127 Idaho 817, 822–23, 907 P.2d 794, 799–800 (1995). The magistrate's

---

1. Laura also tried to reopen the divorce case, but the court determined that she had waived her rights to reopen the case.

findings of fact will be upheld if such findings are supported by substantial and competent evidence. *Phillips v. Consolidated Supply Co.*, 126 Idaho 973, 975, 895 P.2d 574, 576 (1995). We freely review questions of law. *Id.*

## III.

### LAURA IS AN INTERESTED PERSON

Section 15–1–201 of the Idaho Code defines "interested person":

> "Interested person" includes heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent ... which may be affected by the proceeding.... The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

I.C. § 15–1–201(24) (Supp.1995). The Agreement states that any claim Laura has for a share of property that was not disclosed during the divorce trial, is "specifically reserved" and that the Agreement would not affect any of Laura's future claims to such undisclosed property. The Agreement preserved Laura's right to assert a claim against the Estate for property subsequently determined to be community property that was not addressed in the divorce proceedings. Pursuant to the terms of the Agreement, Laura is an "interested person." I.C. § 15–1–201(24). Laura has a property right in or claim against the Estate and is entitled to bring this action to protect such property rights.

## IV.

### CONCLUSION

We vacate the decision of the magistrate and remand this case for action consistent with this opinion. Laura is an "interested person" pursuant to I.C. § 15–1–201(24), and is entitled to bring this action against the Estate. No attorney fees are awarded. Costs to the appellant.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.