Matter of Evans v Bureau of Vital Statistics (2023 NY Slip Op 00083)

Matter of Evans v Bureau of Vital Statistics

2023 NY Slip Op 00083

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04065
 (Index No. 80095/19)

[*1]In the Matter of Kenneth J. Evans, respondent,
v
Bureau of Vital Statistics, New York City Department of Health, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jonathan Schoepp-Wong and Ellen Ravitch of counsel), for appellant.

DECISION & ORDER
In a proceeding to compel the Bureau of Vital Statistics, New York City Department of Health, to issue a delayed registration of an unrecorded birth, the Bureau of Vital Statistics, New York City Department of Health, appeals from a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated March 2, 2020. The judgment, in effect, granted the petition, and directed the Bureau of Vital Statistics, New York City Department of Health, to issue a delayed registration of the petitioner's birth.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In 2019, the petitioner commenced this proceeding to compel the respondent, Bureau of Vital Statistics, New York City Department of Health (hereinafter the Agency), to issue a delayed registration of his birth. The petitioner alleged that his birth had not been registered because his birth certificate "was never registered by" his mother, and his father was unknown to him. In support of the petition, the petitioner attached a copy of his baptismal certificate, dated April 9, 1966, which indicated that he had been born on a specified date in 1962. The petitioner did not provide any other documents supporting the fact and date of his birth, and did not provide a statement from the Agency certifying that no record of his birth had been found. The Agency opposed the petition. In a judgment dated March 2, 2020, the Supreme Court, in effect, granted the petition, and directed the Agency to issue a delayed registration of the petitioner's birth. The Agency appeals.
Initially, we note that, although the petitioner initiated this proceeding in the Supreme Court, rather than requesting relief before the Agency and then seeking judicial review of any adverse determination pursuant to CPLR article 78, the Agency raised no objection in the Supreme Court to the petitioner's method of commencing this proceeding.
Pursuant to section 201.11(a), title 24 of the Rules of the City of New York, in order to obtain a delayed registration of birth, a petitioner is required to submit an application to the Agency, accompanied by (1) "[a] certified statement issued by the [Agency] that a search was made for the record of birth in question and that such record was not found," and (2) "[s]uch documentary and other evidence as will establish . . . the facts and date of birth as alleged in the application." The rule further provides that "[t]he burden of submitting convincing proof rests with the applicant" (id. [*2]§ 201.11[a][2]).
Here, the petitioner failed to satisfy the requirements of 24 RCNY 201.11. Therefore, the Supreme Court should have denied the petition and dismissed the proceeding (see Matter of Hammod v New York City Dept. of Health , 264 AD2d 582).
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court