Matter of Angelino v New York City Dept. of Health & Mental Hygiene (2025 NY Slip Op 07087)

Matter of Angelino v New York City Dept. of Health & Mental Hygiene

2025 NY Slip Op 07087

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 151429/24|Appeal No. 5420|Case No. 2024-06445|

[*1]In the Matter of Eli Angelino, Petitioner-Appellant,
v
New York City Department of Health and Mental Hygiene, Respondent-Respondent.

Eli Angelino, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Nicholas W. Moyne, J.), entered October 10, 2024, which denied the petition to annul respondent New York City Department of Health and Mental Hygiene's (DOHMH) determination, dated January 9, 2024, denying petitioner's application for a delayed registration of birth, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner alleges that he was born in Manhattan on April 27, 1982. As an applicant seeking delayed registration of birth, he "bears the burden of submitting convincing proof" that "will establish to the satisfaction of the Commissioner or the Commissioner's designee the facts and date of birth as alleged in the application" (24 RCNY 201.11[a][2]; see Matter of Evans v Bureau of Vital Statistics, 212 AD3d 613, 614 [2d Dept 2023]; Matter of Hammond v New York City Dept. of Health, 264 AD2d 582, 583 [1st Dept 1999]).
In a judgment dismissing petitioner's previous CPLR article 78 proceeding challenging a prior denial of delayed birth registration, Supreme Court held that petitioner "fail[ed] to present convincing proof or circumstantial evidence that he was born in New York City" (Matter of Angelino v N.Y.C. Dept. of Health, 2019 WL 4575695, *2 [Sup Ct, New York County 2019]). In reviewing the evidence petitioner submitted to DOHMH, the court found an August 1, 2013 letter from New York Presbyterian Hospital, noting that a male child with petitioner's name was born on the date in question, "insufficient because it is unsigned, does not include the name of either parent and does not attach a copy of Petitioner's medical records" (id.). The court also found baptismal certificates petitioner submitted, dated June 5, 2015 and December 15, 2016 reflecting a baptism in May 2015, insufficient because they were "issued on a conditional basis because there was no record of Petitioner's baptism" as an infant (id.).
Despite Supreme Court's prior judgment, in February 2021 petitioner filed a petition in the Superior Court of California, County of Los Angeles, where he then resided, to establish the fact, time, and place of his birth. Per the record, petitioner proffered his own allegations, the hospital letter from 2013, and a new unsigned letter from the hospital responding to his March 2020 request for medical records, which advised that records are kept for only six years or three years past maturity and attached no medical records. The California court held a hearing at which no one appeared to oppose petitioner, and issued an order on October 5, 2021 establishing that petitioner was born in Manhattan on the date alleged, to unknown parents.
Petitioner filed a new application for delayed registration of birth with DOHMH in or around November 2021, the denial of which petitioner challenges in this proceeding. Petitioner asserts that his application included the hospital letter, baptismal records, immunization records, and the 2021 California order. DOHMH's determination was not arbitrary and capricious or affected by an error of law as petitioner did not proffer convincing evidence of the fact of his birth and the 2021 California order is not entitled to full faith and credit (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
As to the 2021 California order, petitioner did not serve DOHMH with his California petition and failed to provide the California court with a copy of the 2019 Supreme Court judgment. The 2021 California order and its January 31, 2024 order correcting a minute entry are "not entitled to full faith and credit . . . since the [California] court lacked jurisdiction over respondent [DOHMH]" and DOHMH was deprived of a full and fair opportunity to litigate the matter (Matter of Arnold v Department of Health City of N.Y., 174 AD2d 409, 409-410 [1st Dept 1991]). Moreover, the judgment of Supreme Court finding the hospital letter insufficient to prove the fact of petitioner's birth predates the California order by two years and would be entitled to full faith and credit in California, had petitioner served DOHMH with process or provided the California court with a copy of the judgment from this State (see Baker by Thomas v General Motors Corp., 522 US 222, 233 [1998]).
Turning to petitioner's other evidence, it was rational for DOHMH to conclude that the same hospital letter and baptismal records fail to establish that petitioner was born in the City of New York. It was also rational to find that the immunization "yellow card" in the record is insufficient, assuming it was included in the 2021 application. This document is dated August 5, 2021, bears the California state seal, shows only vaccinations given between 2017 and 2021 in California, and does not provide any dates of childhood vaccinations other than an entry providing "04/27/1983" as the date petitioner's "next" MMR vaccine dose was due.
That petitioner delivered new applications to DOHMH after January 9, 2024, including a copy of the January 31, 2024 California order, is irrelevant.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025